```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JEFFREY HARLEY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-3559 (JBS/JS) |
| v. | **MEMORANDUM OPINION** |
| TIMOTHY GEITHNER, | |
| Defendant. | |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Plaintiff Jeffrey Harley's motion pursuant to Rule 4(a)(5)(A), Fed. R. App. P., for an extension of time to file notice of appeal of the Court's September 29, 2010 Order granting summary judgment in favor of Defendant [Docket Item 75]. Defendant Geithner opposes the motion. THE COURT FINDS AS FOLLOWS:

    1. This matter arises from Plaintiff's discrimination and retaliation suit against his employer, the Internal Revenue Service. Plaintiff filed his complaint on July 31, 2007 [Docket Item 1]. On May 10, 2010, Defendant moved for summary judgment [Docket Item 54]. On September 29, 2010, the Court granted Defendant's motion in an Opinion and Order entering final judgment in favor of Defendant [Docket Items 70 & 71].

    2. On November 30, 2010, Plaintiff filed his notice of appeal with this Court via electronic filing [Docket Item 72]. The notice explains that Plaintiff's attorney had previously sent

the notice of appeal by mail to the wrong court (the New Jersey Superior Court Appellate Division) "by accident." (Notice of Appeal Cover Letter at 2). Plaintiff states that the original notice was mailed on November 19, 2010, ten days prior to the filing deadline. (Certification of Counsel ¶ 6.) Plaintiff's attorney states that immediately upon discovery of the error, on November 30, 2010, the notice of appeal was electronically filed with the U.S. District Court for the District of New Jersey, in an "attempt[] to correct the error." (Id.)

    3.   On December 2, 2010, the appeal was docketed by the Clerk of the Third Circuit Court of Appeals and assigned a case number. [Docket Item 73.] On that same day, the Clerk notified the parties that the appeal had been listed for possible dismissal due to jurisdictional defect, because "the notice of appeal was not filed within the time prescribed by Fed. R. App. P. 4(a)(1)." (Notice of Appeal Ex. G; Kirschbaum Decl. Ex. A.) On December 8, 2010, Plaintiff filed the present motion for an extension of time to file notice of appeal under Fed. R. App. P. 4(a)(5), amended on December 9 to include attached documents [Docket Items 74 & 75].

    4.   Under the Federal Rules of Appellate Procedure, "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered. When the United States or its officer

or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A), (B) (internal numbering omitted). Therefore, the notice of appeal in this case would have been timely filed up to Monday, November 29, 2010. Plaintiff's notice of appeal was untimely by one day.

5. However, the Federal Rules of Appellate Procedure give the District Court discretion to grant an extension of time to file notice of appeal. Rule 4(a)(5)(A) provides:

> The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

6. In determining whether a party has shown excusable neglect for its failure to file a timely appeal, the Court applies the four-factor test set forth by the Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 395-97 (1993). See In re Diet Drugs Product Liability Litigation, 401 F.3d 143, 153-54 (3d Cir. 2005) (agreeing with the conclusion of multiple circuits that Pioneer applies "in the context of filing for appeal pursuant to Fed. R. App. P. 4(a)(5)"). The four Pioneer factors are: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and

its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Pioneer, 507 U.S. at 395.

7. Initially, the Court concludes that the motion presently under consideration is not untimely under Rule 4(a)(5)(A)(i). "[T]o obtain relief under Rule 4(a)(5), [a prospective appellant is] . . . required to move for an extension of time no later than 30 days after the time for appeal expired." Cummings v. Jackson, No. 07-4046, 2008 WL 5377782, at *5 (D.N.J. Dec. 18, 2008) (citation omitted, emphasis added). In the instant case, Plaintiff moved for an extension of time to file his notice of appeal on December 9, 2010, ten days after the deadline of November 29, 2010. Thus, the Court has the authority to entertain Plaintiff's motion.

8. Turning to Rule 4(a)(5)(A)(ii), the Court concludes that excusable neglect has been shown here because the Pioneer factors weigh in favor of granting Plaintiff's motion. As to the first factor, "the danger of prejudice to the [non-movant]," Pioneer, 507 U.S. at 395, the Court finds that the risk of prejudice to Defendant is insubstantial. Even assuming that Plaintiff did not serve Defendant with notice of appeal by mail on November 19 (a fact on which the record is silent), Defendant was notified no more than one day after the November 29 deadline that Plaintiff

intended to appeal this Court's order.  Defendant argues that the one-day delay, as part of a general pattern of delay in this case, has "collectively prejudiced Defendant and its employees by forcing them to live indefinitely with this litigation looming." (Opp'n to Mot. Extend Time at 18).  While the Court agrees that this case has experienced multiple delays, not all of them were caused by Plaintiff (see Defendant's requests for extensions of time to file on March 24, 2010 and April 23, 2010, Docket Items 41 and 50), and the addition of a single extra day would not seem to unreasonably add to such prejudice to Defendant.

9.  For substantially similar reasons, the Court finds that considerations of "the length of the delay and its potential impact on judicial proceedings" weigh in Plaintiff's favor. Pioneer, 507 U.S. at 395.  Resolution of this motion has taken only two weeks and has not held up any other aspects of the litigation of the case.

10.  The Court next addresses the stated "reason for the delay, including whether it was within the reasonable control of the movant."  Pioneer, 507 U.S. at 395.  In this case, Plaintiff's attorney correctly captioned the case and clearly directed it to the Clerk of the District Court of New Jersey, but inadvertently addressed the envelope to the New Jersey Superior Court Appellate Division (Letter from Michelle Douglass, Ex. I) [Docket Item 77].  The Court finds that this error falls into the

category of "inadvertent misdirection" deemed to be excusable neglect by the Third Circuit in Consolidated Freightways Corp. of Del. v. Larson, 827 F.2d 916 (3d Cir. 1987).  There, the Third Circuit directed district courts to find excusable neglect when the Court is satisfied that "counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule."  Id. at 920.  See also Ramseur v. Beyer, 921 F.2d 504, 507 (3d Cir. 1990) (reversible error for district court to find no excusable neglect in case where unexpected delay in postal delivery kept notice of appeal from being filed until after deadline).  While it is true, as Defendant's counsel notes, that Plaintiff's counsel could have avoided the misaddressing of the envelope containing the notice of appeal had she filed her notice of appeal by electronic docketing, as required by L. Civ. R. 5.2, notice of appeal submitted in paper form would not be rejected if this formality would lead to the loss of so substantial a right as the ability to appeal an adverse judgment.  In the present case, the Court finds that Plaintiff's counsel's efforts to timely file the appeal were sufficiently diligent to meet the excusable neglect standard, as demonstrated by Plaintiff's counsel's immediate action to attempt to rectify the error as soon as it was discovered.

    11.  Finally, the Court finds that Plaintiff's counsel's

efforts demonstrate that she acted in good faith because no tactical advantage appears to have been sought by the delay, and Plaintiff made no effort to disguise the error from the Court.

    12.  In sum, the Court finds that Plaintiff acted with excusable neglect and will grant Plaintiff's motion for an extension of time to file notice of appeal under Fed. R. App. P. 4(a)(5).  The accompanying Order will be entered.


 **December 23, 2010**          **/s Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                            United States District Judge